# Union Canal Co. *against* Pinegrove Township.

An Act of Assembly requiring a canal company to erect and keep in repair a bridge wherever the canal crosses a public or private laid out road, does not apply to a road merely dedicated to public use, and over which the supervisors have not exercised any authority.

If a bridge, which a canal company is bound to keep in repair as crossing a public road, becomes a state road, the company is thereby absolved from any further charge in respect to it.

ERROR to the Common Pleas of *Schuylkill* county, where the plaintiff below, the township of Pinegrove, obtained a verdict against the defendants below, the Union Canal Company of Pennsylvania. It was an action on the case to recover a sum of money that the plaintiffs had expended in repairing a bridge or causeway across the big dam erected in the Swatara creek, or rather against the company for not repairing said bridge which they had erected, as was alleged, in pursuance of the provision of the 16th

section of the Act of 2d April 1811, incorporating the company. That Act provides, that whenever the canal shall cross any public or private laid out road or highway, so as to require fords or bridges to cross the same, the company shall build bridges or make fords and keep the same in repair.

It appeared from the evidence, that there was a road leading from Pinegrove down the Swatara, and crossing it near Fishing creek; one branch led on down the creek, and then over to Jonestown, in Lebanon county; another branch ran a distance up the creek, thence into Swope's Valley, so called when a settlement was made of five families at an early day. No record of the laying out of the road was produced, but a number of witnesses were examined, some of whom said that they were 63 years of age; that they had known this road from their earliest recollection. A number said they had known it for 53 years; that it was then a travelled and open road; that when they first knew it, it presented the appearance of being an old road; that it was constantly used as a travelled road for the citizens of the valley of the Swatara, to travel to Jonestown; that they hauled shingles and lumber over this road to Jonestown, and crossed the creek by a fording where the canal company erected their bridge, which was now the subject of dispute; that the inhabitants of Swope's Valley crossed the creek at the same place to get over to Shaeffer's mill, on the north side of the stream, and that at the time the canal company erected their dam in 1830, which destroyed the fording, it was a regular travelled road; and one of the engineers then in the company's employ, testified that the bridge was built by the company for that road. It also appeared from the evidence that the canal company repaired the bridge down to 1835, and after that refused to repair it. It was also in evidence that in pursuance of an Act of Assembly passed in 1834, certain commissioners were appointed by that Act to lay out a state road from Friedensburg, in Schuylkill county, through Pinegrove down said stream and across said bridge, to John Harper's in Lebanon county, on the road leading from Jonestown to Harrisburg. That on the 29th of September 1835, the commissioners so appointed made their report of the State road, and laid it across said bridge, partly on this old road and part of it on new ground. It did not appear that the supervisors of the township ever repaired this old road, but some of the witnesses said that when it was out of repair, or a tree fell across it, the citizens cut away the trees and filled up the mud holes, and this road was kept in repair as the other roads were repaired and kept in order at that early day. It also appeared that this bridge in 1837 got out of order and repair; that the canal company were notified to repair it, but they refused to do so; that then the supervisors of the township expended a considerable sum of money in making the necessary repairs.

Under this state of facts the defendants contended that this was

not such a public laid out road as was provided for in the 12th section of the Act incorporating the company; that the company were not bound to build it in the first place, and were, therefore, not bound to keep it in repair; and requested the court so to charge the jury; but the court declined to give this instruction, and said that if the jury believed this was a public road, used and travelled by the public, by the citizens of the State who had oc-casion to pass and repass it, and was by them used and enjoyed as a public highway for a period of 21 years before the canal company was incorporated, they might presume it was a public laid out road, that it was laid out by authority of law, and that the record was lost, or they might presume that it was laid out by the owners of the soil, and by them dedicated to public use; and if they believed it was so used and enjoyed by the public for 21 years, it would in law be a public road or highway, and the company, in that event, were bound to build the bridge and keep it in repair.

It was also contended by the defendants that there was no evi-dence that the township supervisors ever repaired that road, and that without it was so kept in repair by them, it would not ·be a public road, even though it was open and used for 21 years. But the court said, " such is not the law. If the supervisors repaired the road, it would be strong evidence that it was a public road and had been laid out by authority of law, and it may become a public highway without the public officers even repairing it. There are some roads that will not, for more than 21 years, need a repair, yet if used for that length of time, would become dedi-cated to the public and for the use of the county or State."

The defendants also contended that even admitting this was a public road and that the company were originally bound to erect the bridge, yet they were not now required to keep it in repair, because the commissioners of the State laid out a State road over that bridge; hence the company were absolved from all obligations imposed by their Act of incorporation, and the public and not the company must keep it in repair after the location of that road. But the court instructed the jury that the location of the state road over the bridge did not exonerate the canal company from any obligation imposed by said Act, and the company were as much bound to repair the bridge after the laying out of the State road, as before. The locating of a new State road over an old public road, did not vacate or destroy the former road, nor deprive the citizens of the county of any of the rights which they had be-fore obtained; therefore, if the jury believed this was a public road, that the canal company erected the bridge, they were bound to keep it in repair; and if they did not, but the bridge got out of order and repair, and the company were notified of it and re-quested to repair the bridge, but neglected or refused to put it in repair, and the township then went on and repaired it, the plain-

tiffs were entitled to their verdict for the money thus expended in the repairs; and that there was no dispute about the amount thus expended, should they think the plaintiffs entitled to recover.

The defendants excepted to the charge.

Errors assigned:

1. The court erred in charging the jury that, under the evidence in the cause, they might presume that the road in question was a public laid out road, and that it was laid out by authority of law, or that it was laid out by the owners of the soil and by them dedicated to public use, and that the defendants, in that event, were bound to build a bridge and keep it in repair.

2. In charging that the location of the State road over the bridge did not exonerate the canal company from any obligation imposed by the Act of incorporation, and that the company were as much bound to repair the bridge after the laying out of the State road as before.

3. In charging that if they believed this was a public road, that the canal company erected the bridge, they were bound to keep it in repair; and if they did not, but the bridge got out of order and repair, and the canal company were notified of it, and requested to repair the bridge, but neglected or refused to put it in repair, and the township then went on and repaired it the plaintiff was then entitled to their verdict for the money thus expended. in repairs.

*Loeser* and *Meredith*, for plaintiff in error.
*Bannan*, contra.

The opinion of the court was delivered by

Rogers, J.—The Act of the 2d April 1811, incorporating the Union Canal Company, requires that wherever the canal shall cross a public or private laid out road, if necessary, the company shall build a bridge or make a ford and keep the same in repair. On the trial one of the matters in controversy was, whether this was such a road as imposed an obligation on the company to keep it in repair. After diligent search no record of the road can be found, and the inference is that none such now exists; but the court instructed the jury that, upon the facts in evidence, they were at liberty to presume that it was a public road laid out by authority of law, and that the record was lost; or they might presume that it was laid out by the owners of the soil and by them dedicated to public use; and in that event, if enjoyed by the public for twenty-one years, the company were bound to build the bridge and keep it in repair. Whether there was room for the first presumption is useless to inquire, as the exception is more particularly taken to the latter part of the instruction. On this point of the case we think the court was in error. For assuming that it was dedicated to public use by the owners of the soil, it

[Union Canal Company v. Pinegrove Township.]

is not a public or private laid out road within the fair construction of the Act. The Act has reference only to such roads as are laid out by authority of law, and of which, of course, a record is made, and cannot be made to include a road of the latter description, particularly in the absence of all proof that it had been treated by the officers of the township as a public road. A dedication, without more, imposes no duty whatever on the supervisors to keep the road in repair, and on that ground only can the suit be sustained by them against the company. If there was no obligation on them to repair the road, the payment was voluntary, which will not lay the groundwork of an action.

But admitting that the company was originally bound to erect the bridge, are the county to keep it in repair after the commissioners of the State, under the authority of an Act of Assembly, have laid out a State road over it? The company contend that by that Act they are absolved, and that the public, and not they, must keep the bridge in repair. And that would be reasonable, because it is just; for the conversion of a road, whether private or public, into a State road, increases the travel upon it and of course the expense of keeping it in repair; and this would be an additional burthen which we cannot suppose the Legislature intended to throw upon them, any more than would be the case if they had authorized a turnpike or rail road to be built over the same. In the latter case the injustice would be apparent, although in reality not more so than in the case in hand. We are therefore of the opinion that the location of the State road over the bridge, exonerated the company from the obligation further to keep it in repair.

Judgment reversed.