# Commonwealth ex rel. *v.* Grove et al., Appellants.

*Bridges—State highway—Duty of county to maintain—Condemnation of toll road—Acts of March 15, 1911, P. L. 21, and May 31, 1911, P. L. 468—County commissioners—Mandamus.*

1. By the repealing of the Act of March 15, 1911, P. L. 21, the duty of maintaining county bridges located upon a State highway was reimposed upon the county in which they are situate, and that duty continues upon the county under the Act of May 31, 1911, P. L. 468, and it is immaterial whether the bridge became a county bridge by proceedings under the Act of June 13, 1836, P. L. 551, or reverted to the county on condemnation of a turnpike.

2. Where the county commissioners failed to properly repair such bridges a mandamus compelling them to put same in good condition was properly awarded at the instance of the attorney general.

Commonwealth of Pennsylvania ex rel. v. Bird, 253 Pa. 364, followed.

Argued April 22, 1918. Appeal, No. 267, Jan. T., 1917, by defendants, from judgment of C. P. Centre County, September T., 1916, No. 182, awarding writ of peremptory mandamus, in case of Commonwealth of Pennsylvania ex rel. Francis Shunk Brown, Attorney General, v. Daniel A. Grove, William H. Noll, Jr., and Isaac Miller, Commissioners of Centre County. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Mandamus.

The facts appear from the following opinion by QUIGLEY, P. J.:

The Commonwealth of Pennsylvania prays that a per-

emptory mandamus may issue commanding the commissioners of Centre County to repair two certain bridges along what is known as Route 56 of the system of State highways as defined and described in the Act of May 31, 1911, said bridges being immediately west of the village of Lemont, Centre County, one of which is over Slab Cabin branch of Spring creek, and the other over the main branch of Spring creek.

It is admitted that these two bridges are in bad and unsafe condition and repair, and are unsafe and insufficient to accommodate the public with the usual means of travel, and that said bridges are necessary for the safe and convenient travel of the public in, along and over said highway.

It is also admitted that the part of said Route 56 between Lemont and State College is laid out over what was formerly known as the Agricultural College and Junction Turnpike Road, and that the same was duly condemned by proceedings in the Quarter Sessions of this county entered to No. 2 December Sessions, 1907, the final decree of condemnation having been entered January 27, 1908, and the damages assessed thereunder having been paid by the county.

It is also admitted that at the time of the passage of the Act of May 31, 1911, aforesaid, no duty or responsibility rested upon the supervisors of College Township to build, repair or maintain the said bridges or either of them.

The question before us is whether the burden of repairing and putting in good order and condition these two bridges is upon the Board of Commissioners of Centre County or upon the Highway Department of the Commonwealth of Pennsylvania.

As we view it the recent case of Commonwealth of Pennsylvania ex rel. v. Bird, appellant, 253 Pa. 364, controls this case.

Judge MAXWELL there held that the burden of building and maintaining county bridges that were located

upon the State highways under the Act of May 31, 1911, was upon the county.

The defendants urge that the difference in the nature of the bridges raises a distinction; that the bridge involved in the Bird case was established as a county bridge by proceedings under the 35th Section of the Act of June 13, 1836, while the bridges in question were not so established but reverted to the county upon condemnation of the turnpike and because of the fact that they were not formally declared county bridges under the Act of 1836 ingeniously argue that there is a clear distinction. In effect they argue that a county bridge within the meaning of the act is one that is created by due process of law and requires the joint action and approval of three different bodies, viz: the grand jury, the Court of Quarter Sessions, and the county commissioners, and unless so created they should not be treated as county bridges.

By the Act of April 20, 1905, P. L. 237; April 25, 1907, P. L. 104, and March 15, 1911, P. L. 21, the repair and maintenance of the road, including these bridges between Lemont and State College, formerly the Agricultural College and Junction Turnpike road, rested at the passage and approval of the Sproul Act of May 31, 1911, upon the County of Centre, and this being the case the bridges in question were to all intents and purposes county bridges.

If this is a proper conclusion, and we think it is, the duty of the county to maintain these bridges is clear under the ruling in Commonwealth v. Bird (supra), part of which we quote as follows: "The duty to maintain a bridge forming part of a State highway built under the Act of May 31, 1911 (P. L. 468), rests upon the county and not the Commonwealth where the duty to maintain it rested upon the county at the time of the passage of the act, and mandamus will properly issue against the county commissioners to compel them to construct and maintain a suitable bridge."

The lower court awarded a writ of peremptory mandamus directing defendants to immediately repair the bridges in question and put the same in good order and condition, suitable and safe for public travel. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Ellis L. Orvis,* with him *N. B. Spangler,* for appellants.

*William H. Keller,* First Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, and *Harry Keller,* for appellee.

PER CURIAM, June 3, 1918:

By the repealing Act of March 15, 1911, P. L. 21, the duty of maintaining the two bridges involved in this proceeding were reimposed upon the County of Centre, and that duty continues to rest upon it under Section 34 of the Act of May 31, 1911, P. L. 468: Commonwealth of Pennsylvania ex rel. v. Bird, 253 Pa. 364.

Judgment affirmed.