## Bridge on State Highway.

*Bridges—County bridges—Bridge on State highway—Repairs—Lost record—Act of May 31, 1911.*

1. The duty to maintain a bridge forming part of a State highway, built under the Act of May 31, 1911, P. L. 468, rests upon the county, and not upon the Commonwealth, where the duty rested upon the county at the time of the passage of the act.

2. Where a bridge has for many years been treated as a county bridge, the county commissioners cannot deny in 1922 that it is a county bridge because of the loss of a court record of the date of 1855.

Attorney-General's Department.   Opinion to Hon. P. D. Wright, State Highway Commissioner.

BROWN, Dep. Att'y-Gen., Jan. 29, 1923.—Your communication with file attached in reference to a certain bridge on State Highway Route No. 187, near Murraysville, and asking what proceeding to take in the matter, has been received by this department.

From the record in this case it appears that part of the Pittsburgh and New Alexandria Turnpike Road, in Franklin Township, Westmoreland County, was abandoned prior to the year 1855. It also appears that the bridge in question is part of the road which was formerly the Pittsburgh and New Alexandria Turnpike Road, and that it was built many years ago and subsequently rebuilt. In August, 1855, the following petition was presented to the Court of Quarter Sessions of Westmoreland County by divers inhabitants of Franklin Township, in said county:

"In the Court of Quarter Sessions of Westmoreland County, Penna.
No. 20, August Term, 1855.

"In re Bridge across the North branch of Turtlecreek, west of Murraysville.

"The petition of divers inhabitants of the Township of Franklin, setting forth that, owing to the abandonment of that part of the Pittsburgh and New Alexandria Turnpike Road being within said township in its present dilapidated condition, the bridge in said Township being entirely swept away by the late flood, and it being the duty of the supervisor under an Act of Assembly dated 19th April, 1844, to take charge of and repair said part as other County roads.

"The Township will be compelled to pay a road tax unprecedented and to the utmost of their ability for ordinary repairs. That the rest of said road is entirely useless for want of a bridge over said North Branch.

"That the erection of said bridge will require more expense than it is reasonable the said Township should bear, Pray the Court to appoint proper persons to view the premises and take such order on the subject as is required and directed by the Act of Assembly in such cases made and provided. Filed 22 August 1855, 28 August 1855 Court appointed Wm. Greer, Obadiah McKown and George Walters, Wm. Greer to give notice. November 20th, 1855, read. 27th August 1856 report of viewers approved by the Court."

Bridge on State Highway.

The Act of June 13, 1836, § 35, P. L. 551, provides as follows: "When a river, creek or rivulet over which it may be necessary to erect a bridge crosses a public road or highway, and the erecting of such bridge requires more expense than it is reasonable that one or two adjoining townships should bear, the court having jurisdiction as aforesaid shall, on the representation of the supervisors, or on the petition of any of the inhabitants of the respective townships, order a view in the manner provided for in the case of roads, and if, on the report of viewers, it shall appear to the court, grand jury and commissioners of the county that such bridge is necessary, and would be too expensive for such township or townships, it shall be entered on record as a county bridge."

The language of the petition followed strictly the words of the act and averred affirmatively "that the erection of said bridge will require more expense than it is reasonable the said township should bear." The report of the viewers, approved by the court Aug. 27, 1856, has disappeared from the office of the Clerk of the Quarter Sessions and cannot be found, but the records go still further. In July, 1897, the Commissioners of Westmoreland county passed a resolution, which is recorded in the minute of July 2, 1897, The minute is as follows: "By Reamer and Dinsmore moved that the Murrysville bridge on the Pike near the pumping station, at Murrysville, be repaired by the Pittsburgh Bridge Company, using as much of the Old material as possible to guarantee a first-class job; the Superstructure not to exceed $800 and masonry at $5.00 per cubic yard, including cement work to be done under our instructions and supervision."

From the foregoing facts the conclusive presumption is that the bridge on State Highway Route No. 187, near Murraysville, was a county bridge, at least before 1897, and the present county authorities are estopped from saying it ought not to be regarded as such because a record is missing.

In Com. ex rel. v. Dickey et al., 262 Pa. 121, which was a bridge case with many features like the one under consideration, it was held: "The present county authorities are estopped from saying that it ought not to be regarded as such merely because a record is missing which it was the duty of their predecessors to preserve, . . . and the present county commissioners, in their effort to impose upon the State the duty of rebuilding the bridge, are not to be permitted to take advantage of the failure of some former board of county commissioners to preserve this record of sixty years ago. If it had been preserved, the presumption is it would show that the county commissioners of 1856 had done everything required of them as public officials by the County Bridge Act of 1836, for *omnia præsumuntur rite esse acta.*"

If the petition of divers inhabitants of Franklin County, presented in 1855, complied with the Act of 1836, and we think it did, then the bridge became a county bridge, and under the Act of May 5, 1876, P. L. 112, the county comsioners are required to rebuild it if it has been "blown down, destroyed, partially destroyed or swept away by floods, freshets, ice, storm, fire or other casualty."

By the Acts of April 20, 1905, P. L. 237, April 25, 1907, P. L. 104, and March 15, 1911, P. L. 21, the repair and maintenance of the road, including the bridge, rested at the passage and approval of the Sproul Act of May 31, 1911, P. L. 468, on Westmoreland County. By the repeal of the Act of March 15, 1911, P. L. 21, the duty of maintaining and repairing the bridge involved in this question was reimposed upon the County of Westmoreland, and continues to rest upon it under section 34 of said Act of May 31, 1911: Com. ex rel. v. Grove et al., 261 Pa. 504.

2 D. & C.

### Bridge on State Highway.

The duty to maintain a bridge forming part of a State highway built under the Act of May 31, 1911, P. L. 468, rests upon the county and not upon the Commonwealth, where the duty rested upon the county at the time of the passage of the act: Com. ex rel. *v.* Bird, 253 Pa. 364; Com. ex rel. *v.* Grove et al., 261 Pa. 504, and Com. *v.* Dickey et al., 262 Pa. 121.

I am, therefore, of the opinion that the duty rests upon the Commissioners of Westmoreland County to immediately repair the bridge in question and put the same in good order and condition, suitable and safe for public travel. If you will advise them that, in the opinion of the Attorney-General, such is their duty, it is very probable that the commissioners will arrange to have the work done. Should they refuse, however, to do the work, the proper course to pursue would be the filing of a petition asking for a writ of peremptory mandamus. Should the county commissioners not give this matter their immediate attention, we would appreciate your again taking up the subject with this department.

From Guy H. Davies, Harrisburg, Pa.