# Commonwealth ex rel. *v.* Lehigh Coal & Navigation Co., Appellant.

*Bridges—Bridges and canals—Duty to repair—Bridges on state highway—Townships—Act of May 31, 1911, P. L. 468.*

1. The only bridges which are embraced within the definitions of a highway in section 34 of the Act of May 31, 1911, P. L. 468, are "bridges which may form part of a road and which were built by the townships of the Commonwealth." All the remaining bridges, whether built by counties or any other agency, are excluded.

2. Where a canal company was obliged, under the Act of April 21, 1858, P. L. 414, to keep up and maintain the bridges over the canal which it had acquired from the State, and, under the Act of June 1, 1911, P. L. 468, the State took over a public road of which the two bridges over the canal formed a part, and afterwards, the State, in reconstructing the state highway, caused a divergence of it, so as to confine it to one side of the canal, and eliminate the two bridges from the highway, the canal company and not the townships was thereafter liable for the maintenance of the bridges, inasmuch as they were not township bridges under the Act of 1911.

Argued February 1, 1926. Appeal, No. 136, Jan. T., 1926, by respondent, from order of C. P. Northampton Co., July T., 1925, No. 38, awarding mandamus, in case of Commonwealth ex rel. Robert E. James, District Attorney for Northampton County, v. Lehigh Coal & Navigation Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus. Before STOTZ, J.

The opinion of the Supreme Court states the facts.

Mandamus awarded. Respondent appealed.

*Error assigned* was, inter alia, order, quoting it.

*E. J. Fox,* of *E. J. & J. W. Fox,* with him *Wm. Jay Turner,* for appellant.—The expressly limited require-ment to keep the bridges in the same condition as they were on April 21, 1858, cannot possibly be construed to impose upon the appellant the duty to provide bridges large enough and strong enough for modern motor traffic.  The ruling of the court below is an attempt to read into the contract between the State and the Sun-bury & Erie Railroad Company, or its assigns, provisions which are not there: Union Canal Co. v. Pine Grove Twp., 6 W. & S. 560.

*James O. Campbell,* First Deputy Attorney General, with him *Robert E. James,* District Attorney, *John L. Shelley, Jr.,* Attorney, Department of Highways, and *George W. Woodruff,* Attorney General, for appellee.— The bridges in question never became part of the state highway and defendant was not relieved of its main-tenance obligation: Com. v. Bird, 253 Pa. 364; Com. v. Grove, 261 Pa. 504; Erie R. R. v. P. S. C., 77 Pa. Su-perior Ct. 196.

Even if the bridges in question were included in Route 156 as defined in the Sproul Act and were taken over by the State, they were included in the portion of the highway abandoned as a state highway and reverted to their former status: Saeger v. Com., 258 Pa. 239; Erie R. R. v. P. S. C., 77 Pa. Superior Ct. 196.

The fact that the burden of the maintenance of these bridges has increased, due to increased traffic caused by the designation of the highway as a state highway, or due to the development of the motor vehicle, or for any other cause, does not relieve defendant: Swarthmore Boro. v. Transit Co., 280 Pa. 79.

If defendant is relieved from the maintenance of these bridges such responsibility is on the townships: Thomp-son v. Com., 81 Pa. 314.

OPINION BY MR. JUSTICE SCHAFFER, March 15, 1926:

The question we are called upon to decide in the pending case is whether the court below properly determined that defendant is obligated to repair and maintain two bridges crossing its canal in Northampton County.

From the brief of appellant's counsel we learn that the Commonwealth constructed a canal leading from Easton to Bristol along the line of the Delaware River known as the Delaware Division of the Pennsylvania Canal, which was operated by the Commonwealth from 1827 to 1858. In the latter year, the Commonwealth sold the canal to the Sunbury & Erie Railroad Company in pursuance of an Act of Assembly approved April 21, 1858, P. L. 414, which provides in section 5, "And the Sunbury & Erie Railroad Company or their assigns, immediately after taking possession of the said canal, shall be bound to keep up the same, including the public and private bridges crossing the said canal, as heretofore done by the canal commissioners, in as good repair and operating condition as they now are, and they shall be and remain public highways forever, for the use and enjoyment of all persons desiring to use the same, subject to such rules and regulations as the owners thereof may from time to time establish."

The Sunbury & Erie Railroad Company sold the canal to the Delaware Division Canal Company and that company leased it to defendant for a period of ninety-nine years from the 1st of April, 1866.

Appellant maintained the bridges in pursuance of the obligation imposed by the quoted enactment at least until the passage of the State Highway Act, known as the Sproul Act, of May 31, 1911, P. L. 468. Following the passage of that act, the highway, of which the two bridges in question formed a part, was taken over by the Commonwealth as Highway Route No. 156, and for a period of almost ten years the two bridges were used as part of the state highway. The geographical situation so far as the highway was concerned was that it ran

along the west side of the canal until it reached one of the bridges, it crossed this bridge to the east side of the canal, which it skirted for about three-quarters of a mile, and then crossed the other bridge back to the west side.

The commissioner of highways, in pursuance of the authority conferred upon him by section 8 of the Sproul Act, changed and diverted the route of the highway so that it no longer crossed the bridges but continued its course entirely along the west side of the canal. The Commonwealth abandoned the highway on the east side of the canal and the use of the bridges, but the abandoned part was not vacated; it is essential that the road shall remain for the use of those living on the east side of the canal.

The bridges getting into disrepair, the township authorities called on the defendant to put them in proper condition. It declined to do so on the ground that the Commonwealth had taken over the entire highway and the duty of maintenance rested upon it. To compel the carrying out of the obligation which they contended rested with defendant, the township authorities began this proceeding to compel it to care for the bridges, and the court below, after hearing, awarded a mandamus commanding defendant to make such changes and repairs to them that they may be used with safety and convenience by the travelling public.

The position of defendant is thus summed up by its able counsel who argued its case at our Bar: Originally, before the sale of the canal to the Sunbury Railroad Company, the obligation to maintain the bridges rested with the Commonwealth. They were not county bridges or township bridges but bridges belonging to the Commonwealth. It then sold the canal to the railroad company and in the act authorizing the sale provided that the railroad company should be bound to keep the bridges up. The Commonwealth thus transferred to its grantee its obligation to maintain them, but when the

Act of 1911 was passed and the Commonwealth resumed possession of the highway as a state highway, it resumed the obligation to maintain and repair the bridges and its act in making the divergence could not relieve it of that obligation or reimpose the duty upon defendant which the latter had incurred under the Act of 1858; that under the Act of 1911 there is nothing to indicate the fate of such portion of the highway as is dropped out of the route; that the act does not provide that it shall revert to either the county or township or that it shall be abandoned or vacated and therefore the only solution of the problem is that it shall remain a portion of the public highway taken by the Commonwealth with the continuing obligation upon it of maintenance and repair.

We think the argument loses sight of the situation created by the Sproul Act. That statute defined the term highway with respect to bridges in this language (section 34) : "The word 'highway' as used in this act shall be construed to include any existing causeway or bridge, or any new causeway or bridge, or any drain or water course, which may form part of a road, and which has been or might properly be built according to any existing laws *by the townships* of the Commonwealth." The act directed the department of highways to take over the roads enumerated therein and thereafter to construct, repair and maintain them at the expense of the Commonwealth; they were declared to constitute a system of state highways. It will be noted that the only bridges which the Commonwealth embraced within its definition of what it meant by the term highway were bridges "which may form part of a road and which [have] been......built......by the townships of the Commonwealth." It therefore excluded all other bridges, those erected by counties or by any other agency and we so determined as to a county bridge in Com. v. Bird, 253 Pa. 364, and as to a bridge, part of an abandoned turnpike, in Com. v. Grove, 261 Pa. 504. It does not appear, in this case, who erected the bridges in ques-

tion but it does appear that prior to the Act of 1911 the duty of maintaining and repairing them was not upon a township. It rested on defendant. The purpose of the legislature as shown in section 34 of the Sproul Act as well as in prior legislation was to relieve townships of maintaining bridges erected by them and forming parts of the roads taken; this purpose was effected by having the Commonwealth take over and thereafter maintain and keep in repair *such* bridges. No other bridges were taken over and hence these two maintained by defendant were not. Union Canal Co. v. Pinegrove Township, 6 W. & S. 560, cited and largely relied upon by appellant, does not rule the case at bar. There the act of assembly under which the canal company was incorporated provided that whenever the canal should cross public roads so as to require them to be bridged, the company should build and maintain the bridges. Bridges were so constructed. One of them became part of a state highway and thereafter the canal company failed to repair it. The township made the repairs and brought suit against the canal company for reimbursement. The canal company defended that as the bridge had become part of a state highway it was no longer required to maintain it and this position was sustained. In the legislation there dealt with there was no such limitation to township bridges as there is in the Act of 1911.

The court below properly concluded that the duty of maintaining and repairing the bridges is upon appellant.

The order is affirmed at appellant's cost.