## State Highway Bridges.

Koch, Dep. Att'y-Gen., Nov. 7, 1929.—Under the provisions of the Act of May 1, 1929, P. L. 1054, the Department of Highways will, on June 1, 1930, take over all county bridges over streams on State highway routes in boroughs, towns and townships, and thereafter such bridges must be built, rebuilt, repaired and maintained by the Department of Highways at the expense of the Commonwealth from moneys in the Motor License Fund. Meantime, the Department of Highways is authorized, at its option, to take over any such bridges as it may, in its discretion, decide should be built, rebuilt or repaired.

Accordingly, you have already arranged to take over certain county bridges and to rebuild the same, and in several such instances the counties which erected the bridges to be replaced, and were heretofore responsible for their maintenance, have asked that they be given the old bridges, so that they may either salvage the same or use the structural steel work in the construction of other county bridges not on State highway routes. You desire, therefore, to be advised whether the old bridges to be replaced and rebuilt by the Commonwealth under the provisions of the Act of 1929 become the property of the Commonwealth when they have been dismantled, or remain the property of the respective counties which originally erected them.

After the passage of the Sproul Highway Act of May 31, 1911, P. L. 468, your Department was advised by First Deputy Attorney-General Keller (Opinions of the Attorney-General, 1915-1916, page 241) that under the provisions of the Sproul Act, the Department of Highways must build all bridges along State highway routes which it was formerly the duty of the township authorities to build or maintain. This ruling has been upheld by the Supreme Court in the case of Com. ex rel. v. Lehigh Coal and Navigation Co., 285 Pa. 551.

We are advised by your Department that never has a township laid claim to an old bridge structure along a State highway route when the same has been supplanted by a new bridge constructed by the Department of Highways and paid for out of the Commonwealth's funds. It is largely because of this fact, we assume, that paragraph 51 of your present contract specifications provides in part as follows: "On State highways, except county bridges, drainage pipes and guard rails, or as otherwise provided in the Special Requirements, the structure shall become the property of the contractor."

It is obvious that the exception of county bridges in the foregoing quotation was based on the fact that the Department of Highways had no jurisdiction whatever over county bridges prior to that imposed by the Act of 1929: Com. ex rel. v. Grove, 261 Pa. 504.

The Act of June 3, 1895, P. L. 130, authorized the Commonwealth to rebuild county bridges over navigable rivers and other streams where such bridges have been destroyed by flood, fire or other casualty. This act provided that all bridges erected pursuant to its provisions shall be maintained and kept in repair by the county in which the same may be located at its own expense,

except in cases where such a bridge spans a stream forming the boundary line between two counties, in which event the expense of maintenance thereof must be borne jointly by the two counties concerned.

In 1904, several bridges erected under the authority of the Act of 1895 were destroyed by floods, and the question arose whether the structural steel or iron reclaimable from the wreckage belonged to the Commonwealth or to the counties wherein said bridges had been erected. In an opinion rendered April 21, 1904 (13 Dist. R. 672), Attorney-General Carson held that the structural iron or steel, once paid for by the State, had been donated to the county by the provisions of the Act of 1895, and that the Commonwealth accordingly could lay no lawful claim to the parts of the wrecked bridge that could be salvaged.

It will be noted that section 8 of the Act of 1895 does not specifically provide that the bridges erected under the provisions of said act shall, upon their completion, become the property of the counties, but provides that they shall be maintained and kept in repair at the expense of the county. This control, in the opinion of Attorney-General Carson, was tantamount to ownership.

The provisions of section 1 of the Act of 1929 are: "That any county bridges over streams on State highway routes in boroughs, towns and townships *may be taken over* at any time after the approval of this act, and all such bridges *shall be taken over* by the Department of Highways the first day of June, one thousand nine hundred and thirty, and, *when so taken over*, shall thereafter be built, rebuilt, repaired and maintained by the Department of Highways at the expense of the Commonwealth from moneys in the motor license fund."

It thus appears that the terminology of the Act of 1929 more clearly indicates than did the terminology of the Act of 1895 a transfer of actual ownership of the bridges affected by the respective acts.

You are, therefore, advised that county bridges taken over by virtue of the provisions of the Act of 1929 automatically become the property of the Commonwealth.

From C. P. Addams, Harrisburg, Pa.