587 A.2d 830

**Agnes E. RUCH and Richard C. Ruch**

**v.**

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania, Department of Transportation.**

**Appeal of CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided Feb. 13, 1991.

Reargument Denied April 4, 1991.

Alan C. Ostrow, Asst. City Sol., with him, Charisse R. Lillie, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Miriam B. Brenaman, Divisional Deputy in Charge of Appeals, Philadelphia, for appellant.

Kathleen B. O'Connell, Deputy Atty. Gen., with her, Alton G. Grube, Sr. Deputy Atty. Gen., Philadelphia, for appellee, Dept. of Transp.

Martin G. Rubenstein, Levy, Angstreich, Finney, Mann & Burkett, P.C., and John F. Gehring, Philadelphia, for appellees Agnes and Richard Ruch.

Before CRAIG, President Judge, BYER, J., and CRUMLISH, Jr., Senior Judge.

CRAIG, President Judge.

The City of Philadelphia, a defendant, appeals an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of defendant Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) against the city and plaintiffs Agnes and Richard Ruch, and determining that liability for the plaintiffs' injury from a street defect could be imposed only on the city.

The facts of this case, as stipulated by all three parties, are that Agnes Ruch, while intending to cross Chestnut Street in the crosswalk, "stepped off the curb into a depres-

sion and/or pothole in the radius of the curb for the intersection" of Chestnut and Fifteenth Street. The curbing at this corner is rounded rather than meeting at a ninety-degree angle. Ruch seriously injured her right foot and ankle as a result of the incident, which occurred on December 11, 1981.

For an illustration of the precise location of the defect, see Attachment A appended to this opinion, an exhibit from the record which shows the curved lines of the rounded curbing and the site of the street defect, as well as the extended (imaginary) lines of the straight curb lines outside of the intersection.

Chestnut Street is a state highway, Route 67318, taken by the Commonwealth under § 202 of the State Highway Act of 1961, Act of September 18, 1961, P.L. 1389, *as amended*, 36 P.S. § 1758–202. Fifteenth Street is a city street. No agreement exists between the city and the Commonwealth regarding the maintenance of Chestnut Street at Fifteenth Street.

On November 15, 1983, the Ruches commenced a civil action against the city by filing a summons. They then filed a complaint on January 18, 1984. On February 27, 1984, after the expiration of the statute of limitations, the city filed a joinder complaint naming the Commonwealth as an additional defendant.

The sole issue is whether maintenance of the surface within the rounded-base pie-shape, created by the curved arc of curbing and the intersection of the extended straight curb lines, at the intersection of a state highway and a city street, is the responsibility of the city or of the Commonwealth.

Section 204 of the Act, 36 P.S. § 1758–204, limits the Commonwealth's obligation in the reconstruction, resurfacing or maintenance of a state highway to "that part of the street or section thereof *between curb lines* as established at the time of passage of this act, which shall not include the portions of such streets which are or may be used and

occupied by the structures or surface facilities of any public utility company." (Emphasis added.)

Section 205 of the Act, 36 P.S. § 1758-205, frees the Commonwealth from street cleaning and snow removal duties and limits the state's maintenance obligation to "the portions of the street *between existing curb lines* available to *vehicular traffic*." (Emphasis added.)

On February 13, 1990, the Common Pleas Court of Philadelphia County accepted the Commonwealth's argument that the straight curb lines (those outside of the intersection) should be extended to form an imaginary right angle (see Attachment A) and concluded that the injury occurred "beyond the curb line," thus treating the location as "primarily the responsibility of the City," rather than the Commonwealth. The trial court then ordered summary judgment in favor of the Commonwealth and against the city. On March 5, 1990, the trial court vacated the previous order, and simultaneously reinstated it with the addition of the appropriate language of § 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), for certifying an interlocutory issue as appropriate for immediate appellate review.

On March 14, 1990, the city appealed the portion of the March 5 order granting summary judgment in favor of the Commonwealth. The city also filed a separate petition on April 9, 1990, for permission to appeal the portion of the order finding only the city potentially liable; this court denied that petition on May 4, 1990, as supererogatory, holding that the trial court's March order was a final order and therefore appealable without special permission.

As to the trial court's summary judgment decision, the city contends that Ruch's injury occurred between the curb lines and on the vehicular traffic portion of the state highway, Chestnut Street, which is the Commonwealth's responsibility.

Title 67 Pa.Code § 441.1 defines curb line as "[a] line formed by the *face* of the existing curb or in its absence the outer edge of the shoulder, along which curbing is or may

be located." (Emphasis added.) Additionally, § 102 of the Vehicle Code, 75 Pa.C.S. § 102, defines highway as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is opened to the use of the public for purposes of vehicular travel," and defines sidewalk as "[t]hat portion of a street between curb lines, or the lateral lines of a roadway and the adjacent property lines, intended for use by pedestrians."

Photographic evidence in the record indicates that the sidewalk on the corner in question does have a clearly defined facing, which establishes a demarcation between the pavement for pedestrian traffic and pavement for vehicular traffic.

Ruch and the Commonwealth proffer a theory, which the trial court accepted, that the straight curb lines of the intersecting roads should be extended to form right angles at the corners at the points where the sidewalks meet. Therefore, under their theory, maintenance of the road within the pie-shaped area is not the responsibility of the Commonwealth because it is not between the curb lines thus defined.

However, there is no authority cited for an imaginary straight-line extension of a rounded-corner intersection of pavement. Moreover, the theory is flawed because pavement which is clearly between the curb facings and is on the portion of highway serving as the cartway for vehicular travel—the pie-shaped sections—would thus be excluded conceptually from the cartway of which it is realistically a portion.

Therefore, because the exact location of Ruch's accident occurred in a cartway area designated for vehicular traffic by its physical construction, as opposed to the raised sidewalk area designated for pedestrian traffic, the issue turns to whether the city or the Commonwealth is responsible for the maintenance of the vehicular traffic cartway surface at the intersection of a state highway and a city street.

In *Cheltenham Township v. Philadelphia Rapid Transit Co.*, 292 Pa. 384, 141 A. 259 (1928), the Pennsylvania Supreme Court stated that the Commonwealth "has single and supreme control over all and every part of a state highway which it has taken over in pursuance of the State Highway Laws," *id.*, 292 Pa. at 388–89, 141 A. at 260–61, and that its control may *not* "be broken or interfered with at the intersection of every township road with one of its highways." *Id.*, 292 Pa. at 388, 141 A. at 260.

Admittedly, that statement in *Cheltenham Township* was dictum because the facts and issue of that case involved the state's control of the highway for the purpose of supplanting the city as a party to its crossing contract with a street railway company, rather than the state's obligation of maintenance, and the case actually involved the intersection of the street railway with the state highway, not the intersection of a municipal street and a state highway.

Nevertheless, because we find no other judicial guidance, *Cheltenham Township* points to the conclusion that the Commonwealth here does maintain control over, and responsibility for the maintenance of, the state highway which is Chestnut Street, including the area of its intersection with the city's Fifteenth Street.

Although the parties have not pursued the point, we note that the defect's site in this case—although clearly located between curb lines, as we hold above—is also at a point on the roadway which would lie between the parallel outer lines of the Chestnut Street sidewalks if those sidewalk lines were to be extended across the intersection. Nevertheless, the state's responsibility still attaches to that location, when one recognizes that the site is still within the Chestnut Street *right-of-way lines* (i.e., the outermost lines of the public easement) adopted pursuant to the statutory adoption of the "street" under the Act.

Therefore, because the Commonwealth has the sole statutory responsibility for maintenance of the vehicular cartway of the state highway which is Chestnut Street, including the intersection with Fifteenth Street, the City of Philadelphia

cannot be held liable for Ruch's accident. However, we note that this decision does not constitute a determination at this juncture that the Commonwealth is necessarily liable; other questions remain.

Accordingly, the trial court's order of March 5, 1990, is vacated with respect to its entry of summary judgment and is reversed with respect to the determination that liability for the area in question may be imposed upon the City of Philadelphia.

## ORDER

NOW, February 13, 1991, the order of the Court of Common Pleas of Philadelphia County, dated March 5, 1990, at No. 1563 from the November Term, 1983, is vacated with respect to its entry of summary judgment, that order is reversed with respect to the determination that liability for the area in question may be imposed upon the City of Philadelphia, and this case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

APPENDIX

ATTACHMENT A